## STATE OF CONNECTICUT
### vs.
### G. LEROY KEMP

Superior Court        Fairfield County        File #8827

MEMORANDUM FILED JUNE 14, 1938.     124 Conn. 639

Lorin W. Willis, of Bridgeport, for the Plaintiff.

John Keogh, of South Norwalk, for the Defendant.

BALDWIN, J.    The defendant has moved for permission to inspect the transcript containing the minutes of the grand jury and particularly that portion of the transcript containing the testimony given by the defendant.   He alleges that upon threat of being punished for contempt he was compelled to appear before the grand jury and to give evidence against himself and to answer questions propounded to him by the State's Attorney and by members of the grand jury, which testimony was taken down by stenographers present in the grand jury room and later transcribed, and that the transcript is in the custody of the State's Attorney and that it is necessary in the preparation of his defense that his attorneys and he have access thereto for their inspection.

In presenting this motion, he urges that his constitutional rights have been invaded and that the State is placed in a position of unfair advantage since the State's Attorney and his assistants were present throughout the taking of testimony by the grand jury and have in their custody a copy of such testimony, and that in order to make adequate preparation for trial and to contribute to the fairness of the trial, inspection of the minutes of the grand jury by his counsel and by him is necessary.

The State insists that the right of inspection is contrary to law and is a violation of the principle of secrecy of the proceedings of the grand jury and in conflict with the elements of secrecy included in the oath administered to the grand jury.

Such examination of the authorities as time has permitted to be made fails to disclose precedent for the combination of

conditions in this case presented. There is no such authority in this State.

The more common grand jury proceedings as known to us are in those cases where an accused person or persons are charged with murder. In such cases the prosecuting author-, ity—the State's Attorney—is not present; the accused is pres-ent and is allowed to interrogate any witness but is not allowed to present evidence in his own behalf. In the instant case, the proceedings of the grand jury were an investigation for the purpose of determining whether such facts existed as to evidence the violation of any criminal law, and if so, by whom, and whether an indictment should be found. In the instant proceeding, the accused was not present except as a witness and while under examination he had no opportunity to in-terrogate any witness. He was not an accused until the in-dictment of the grand jury was found.

In volume 12, R.C.L., pages 1037 to 1040, inclusive, a some-what illuminating discussion is found from which the follow-ing is quoted:

"It has long been the policy of the law, in furtherance of justice, that the investigations and deliberations of a grand jury should be conducted in secret, and that for most in-tents and purposes all its proceedings are legally sealed against divulgence. The grand jurors are sworn to keep secret the state's, their fellows' and their own counsel. This language has obvious reference to all things which transpire in the grand jury room, and the principle under-lying this injunction of secrecy extends equally to all per-sons required by law to be present before the grand jury. The policy is to inspire the jurors with a confidence of security in the discharge of their responsible duties, so that they may deliberate and decide without apprehen-sion of any detriment from an accused or any other per-sons; to secure the utmost freedom of disclosure of al-leged crimes and offenses by prosecutors; to conceal the fact that an indictment is found against a party, in order to avoid the danger that he may escape and elude arrest upon it before the presentment is made; to prevent per-jury and subornation of perjury by withholding the knowledge of facts testified to before the grand jury, which, if known, it would be for the interest of the ac-cused or his confederates to attempt to disprove by pro-curing false testimony; and also to save the citizens the

trouble, expense, and the disgrace of being arraigned and tried in public on a criminal charge, unless there is sufficient cause for it. . . . So it seems that the duty of secrecy is not founded primarily on the oath of the juror, but on deep-seated principles of public policy of which the common form of oath is merely an expression. . . . But the rule of secrecy is not unlimited in scope. In a general way it may be said that the grounds of public policy on which the rule is founded demand that secrecy be maintained at least until the indictment is found and made public and the accused is in custody, in order that the state may not be impeded in any way in bringing the accused to a speedy trial.

"Although, as has been shown . . . it is the policy of the law to require the utmost secrecy as to the grand jury's proceedings while the grand jury is in session, the purposes of this policy of the law are largely accomplished, so far as concerns the evidence adduced before the grand jury, after the indictment or presentment has been found and published, the custody of the accused had, and the grand jury finally discharged. The rule of secrecy concerning matters transpiring in the grand jury room, it has been said, is not designed for the protection of witnesses before the grand jury, but for that of the grand jurors, and in furtherance of the public justice. The witness has no privilege to have his testimony treated as a confidential communication, but must be considered as testifying under all the obligations of an oath in a judicial proceeding, and hence his testimony may be disclosed whenever it becomes material to the administration of justice. . . . Indeed, there is authority that a grand juror may, after the Grand Jury has been discharged and the accused has been taken into custody, disclose to the accused's counsel the evidence on which the indictment against him was based, in order to enable him to make defense." *Atwell vs. U. S.*, 162 Fed. 97.

This case has advanced to that stage where the element of secrecy insofar as the evidence produced before the grand jury relating to this accused is concerned, has substantially met its purpose.

The well-founded policy of the law has surrounded each person accused of crime with many safeguards in order to protect such person from any unjust or unfair conviction. It

is not necessary here to detail such safeguards. Under the circumstances present in this case, it appears to me to accord with the general policy of the criminal law to grant to this accused and his counsel permission to inspect the evidence produced before the grand jury insofar as such evidence re-lates to this accused and the offense with which he is charged, including the testimony of the accused. This does not include the right to inspect any minutes or records of any of the de-liberations or any vote or votes of the Grand Jury.

The motion is granted to the extent indicated herein.